Welcome back, Mr. Carpenter. Thank you very much, Your Honor. May it please the court, Kenneth Carpenter appearing on behalf of Mara Menegassi. Ms. Menegassi appeals a decision from the Court of Appeals for Veterans Claims that deals with the question of interpretation of 38 CFR 3.304F. The government has admitted that the Court of Appeals for Veterans Claims used the wrong standard. Is it your contention that the board also used the wrong standard? Yes, Your Honor. In their findings of fact, they referred to Ms. Menegassi having failed to verify her stressor. First, verification is not part of the criteria under 3.304. It's corroboration, and the corroboration in this case is provided by the VA medical opinion. We believe that the board likewise failed to interpret the regulation, which is what we argued to the court below. Well, they considered everything in this case, but the board weighed, clearly it was a matter of weighing the evidence, was it not? It was, Your Honor, and I believe that that's where the question of how to interpret this regulation and what the intent of the regulation is. The intent, as expressed in the public statements by the VA, is that a VA medical opinion shall provide the proof necessary for the occurrence of the event. It corroborates the word it's used in the reg, isn't it? Yes, Your Honor. And the word may along with it. Yes, Your Honor, it does. How do you corroborate this particular instance when the facts, which we're not reviewing and can't review, weigh so heavily against her? She's citing as evidence that this occurred as scar, which it turns out was there long before any sexual assault could have occurred. We're talking about a psychiatrically disabled person. We're talking about a psychiatric disability. What is unique about this regulation is that the VA has delegated all of the responsibility to mental health professionals. The VA cannot then come back and say we're going to take that back from you and make our own independent credibility determination. They have created a regulatory structure. But they have to determine whether this mental health event is service-connected and they have to do that based on some kind of evidence. And they go to the evidence and there are two or three things cited as evidence and none of them check out. So why isn't the board, I guess the question is, does the board have anything to do with the fact that they previously remanded for the precise event of an examination under the applicable provision of law? They got that and then they ignored it. They did not apply it. They did talk about it. They recognized it. So they didn't ignore it. They ignored the regulation. Isn't the key thing here, the language in the board's opinion, the bottom is 78 and the top is 79. Here the mental health professional said he believed the veteran. And the question is did the board apply the right standard? And here, as I understand what you're saying, it's 78, 79. The board is saying it doesn't make any difference that the mental health professional believed her. That's not corroboration. That's correct. And so the question is, is that a correct construction of the regulation? That's right. And it's not. Because the regulation expressly provides that the opinion of a mental health expert can provide or establish proof of occurrence. That's the language that they used when they described what they were doing with this regulation. It says it may corroborate. The fact finder has to make a determination as to whether or not it adequately cooperates. Do you disagree with that? That the fact finder has, can make a determination whether or not it sufficiently corroborates or not? The problem I'm having is with the notion of sufficiency. To me, once the VA delegates this responsibility, and where I believe this becomes clear when we referenced in our reply brief, the further expansion of 3.304 F by the VA in 3.304 F3 now for fear and hostility, military and terrorist activity. In that circumstance, the VA actually creates a standard that says that this will not be rejected. Let's assume we don't think that applies here. Let's assume we agree with the government on that. My question is, if the fact finder for the board has any role in terms of establishing whether or not the medical examiner's corroboration is sufficient, or his view of the corroboration is sufficient. And that's the question of interpretation that's before the court, is what is that role? It's not the only question of interpretation. I mean, well I didn't mean to suggest it was the only question. But it strikes me that you've got a very hard row to hoe in contending that the regulation says that the board is bound by what the medical examiner says. That strikes me as a very difficult argument. On the other hand, there's a question of whether the board can reject the examiner's statements out of hand without weighing the credibility and sufficiency of the corroboration, which is what it seems to have done here, I would have thought. But without consideration of the counterbalancing opinion of the medical... No, I'm talking about evaluating the... In my reading of the regulation, the board can evaluate the examiner's statements and say, well, we don't attribute much weight to that. We don't find that sufficient corroboration, okay? Yes. I also don't think that's what they did here. I think they said, no, it's not probative under any circumstances. And that's the way I read their board decision, and that was the argument that I attempted to make below that was rejected based upon the blanket conclusion that you can't do this. Mr. Carpenter, do you know if the medical professional here had access to all the facts that were before the board? In theory... Did the medical examiner have access to all the facts? The SCAR testimony... Under the presumption... The supposed corroborating witness that I presume that this examiner, based upon the remand, had access to the claims file and that all of that information was in the claims file. And it wasn't simply based upon the interview that this individual had with Ms. Meningozzi. Back to Judge Dyke's point, you didn't appeal, did you, to the Court of Veterans Claims the credibility determinations of the board? No. No. So why isn't it way... I mean, on the point that Judge Dyke and you were discussing about how the board may have applied the wrong standard in terms of deciding who was credible and who was not, why isn't that way? Because that's inherent in the correct application of this regulation. I believe that this regulation mandates that, that the VA cannot have a role in this that is beyond this regulation. This is the only regulation that applies to service connection for post-traumatic stress disorder. And therefore, when the regulation says that this may do it, may provide proof and establish occurrence, then the board has an obligation to have addressed that. You argued before the Court of Appeals for Veterans Claims that the board had applied the wrong standard, right? Yes. Well, that's the response that, is that they, you did argue that the board applied the wrong standard. That's the same argument you're making now, right? Correct. Okay, sorry, I apologize. I think I, unless there's any further comment, I don't believe I have anything else that would be of benefit. Mr. Carpenter, we'll save your time. Mr. Austin. Thank you. No question, the Veterans Court erred here, right? There is no question. No question at all. So, what do we do? Send it all back, right? No, you need to affirm the decision. But didn't the board apply the wrong standard too? No, the board applied the correct standard. Well, look at 78 and 79. It strikes me that they are dismissing the mental health professional's evidence as impossible of providing corroboration because it's based on what the veteran told them. Well, that's weighing the evidence. It is? It doesn't read like that. It sounds as though they're saying it can never be corroborated. Well, it says in this case, that's what the board says on page A79. It says that the examiner or other mental health professionals believe the of the in-service stressor in this case. So, what the board, there's the standard that the Veterans Court applied was wrong. Now, how about the next sentence? Expertise in psychiatry, psychology, social work, or sexual trauma is not expertise in determining the credibility of a historical account based simply on the report of an alleged victim of the personal assault. That doesn't sound case The medical examiner simply basing the opinion solely upon what Ms. Meneghese said does not involve any expertise. It's weighing the evidence and saying it has no probative value. But that's an incorrect interpretation of the regulation to say that there's no expertise there because the regulation says we will look to the mental health professional for expertise. Well, it says that if you actually look at the regulation, Your Honor, if you look at it 3.304 F5. What page? The regulations, the actual end of the regulation. No, no, what where in the briefs? Well, this is in the regulation I'm referring to, the language of the regulations. It's a regulation cited in the briefs? Yeah, regularly. I'm If I could just read the sentence, Your Honor, I'm going to have a little trouble finding exactly where that is. But it is, it's the crux of what we're arguing about. But that the sentence that refers to VA may submit any evidence that it receives to an appropriate medical health care provider, which is the last sentence. It's cited in both their opening brief and our brief. There's no dispute about it. But it's referring to the previous sentence, which talks about the type of evidence that may corroborate. And it's saying that if the VA has an issue as to whether or not the medical health care examiner can be helpful in determining whether that type of evidence is supportive of the statement that the stressor occurred, then the VA may do that. So it's not clear at all. Please show us where it is. It's extremely difficult to follow. We found it. It's, if you look at Mr. Ms. Menegosi's brief at the bottom of page 7, on top of page 8. No, that's not the regulation. That's the explanation of the regulation. It is. No, it's helpful because it says that the mental health professionals view can be credible supporting evidence. The sentence is quoted in page 4 of our brief where we say whether available evidence indicates that a personal assault occurred, that a medical opinion may in some circumstances be assisting. But if you look at the complete regulation, I'm not sure the complete regulation is quoted. You don't have the... I don't understand why you wouldn't put the complete regulation in your brief when you're the centerpiece of your argument, you know? It's not helpful. On page 10 of our brief, Your Honor, it's, we quote the language, the VA may submit any evidence that it receives to an appropriate medical or mental health professional for an opinion as to whether it indicates that a personal assault occurred. That's the sentence that both briefs are focused on. And what I'm saying is that the evidence that's referred to there, that a lot, the evidence that the regulation is directed to, is corroborating evidence that occurs at or about the time of the event and issue. That is what the regulation is saying. That if there's that evidence... What you're saying is that the board was right. It's okay to dismiss as irrelevant a medical opinion that relies on the veteran's current description. The board is to weigh the evidence and it can weigh the evidence in that matter. Yes. No. Can it say it's irrelevant? Well, the board didn't say it was irrelevant. Can't, that's not my question. My question is can the board say it's irrelevant? We're not going to consider it because it's simply based on current statements by the veteran. I would say no. I would say the board cannot take the medical opinion and not consider it. The board has to consider it. What happened here is the board did consider the opinion. Well, it depends on how you read the board opinion. The board's opinion is a weighing of the evidence and finding that the evidence was not probative. On the one on the one far side you have what the Veterans Court did. The Veterans Court said that you cannot consider the opinion of the medical examiner for purposes of determining whether the occurrence occurred. On the other hand, you have Ms. Menegosi's position, which is that you are bound by the opinion of the medical examiner as to whether or not the occurrence occurred. Well, that's clearly wrong. And that's clearly wrong. In the middle you have what is the correct standard, which I think the court agrees with the government on, and that is that the board is to weigh the evidence and to determine its probative value. But here's the problem. Look at the sentence on page 79 that Judge Dyke is directing you to. This is the last sentence in the paragraph that says expertise in psychiatry is not expertise in determining the credibility based simply on a report of alleged victims. You can't possibly agree with that as a standard setting. I mean, isn't psychiatry precisely the kind of expertise? I mean, can't there possibly be circumstances where a psychiatrist examines the victim and he says, you know, that's my profession. That's what I do for a living. And this person is lying. There's no way that she's telling the truth about this assault. The government wouldn't say, well, we don't consider that because they have no expertise, because they're just medical examiners rather than, you know, lawyers or judges, right? That can't possibly be right. Well, the final rulemaking would suggest that it is, if you look at the language in the final rulemaking, which again is cited in both parties' briefs, where they say that, and there's board case law on this, I'm sorry, Veterans Court case law, which says that merely stating, merely the claimant stating in front of the medical examiner that the occurrence occurred is not within their expertise. That's within the board's expertise. I thought you just agreed with me five minutes ago that under the regulation that can be corroborating it. It can be. It can be. Well then, so dismissing it entirely is an error, right? Without weighing it is, without considering it. If we read that sentence that Judge Prost just read you, is dismissing it entirely, that's an error, correct? If it's dismissed as a matter of law and not considering it would be an error. I think it's considering it. Now, the court may disagree with that statement, but that's weighing the evidence. I mean, that's part of weighing the evidence to determine whether or not they have that expertise. Well, tell me about what in that sentence suggests that it's not a blanket rule. It doesn't say, may not be sufficient or whatever. It says, is not expertise. I think it's saying that in this application where there's nothing to corroborate it at all, in this and in the board's view, in this application, it has no value. It has no expertise. If there's anything else there, depending on the facts, it will vary it. If, for example, there was a scar or if, for example, there weren't inconsistent statements. What's the meaning of corroborate in the context of a letter written 17 years after the supposed stressor? It has to be, corroboration has to be something above and beyond. Does it have to link somehow? Does there have to be some linking argument made by the medical expert or not? That is certainly how the board applied the facts in this case, and the regulation itself says supporting credible evidence, and what the board has concluded is this isn't supporting credible evidence. It's not credible because the board did not believe Ms. Madison. Because it doesn't corroborate. Well, it's funny. In the beginning of Section 3.304F, and it's a very long regulation, the regulation uses the words credible supporting evidence, and it's not until you get into Section 5 where you actually see the word corroborate. I'm not sure there's a meaningful distinction there, but supporting credible supporting evidence means something above and beyond the veteran simply saying I had this personal attack, and what the board has saying in waiving the evidence is we don't have anything else here. The medical examiner here had nothing beyond Ms. Menegosi's statement that the personal attack occurred, which the board found incredible because of the many inconsistencies. Is there a difference between corroboration and verification? I don't think so. It's an unfortunate use of the term, and I would agree with Ms. Menegosi there that it would have been better if this opinion had used the word corroborate rather than verification, but I do not think that there's anything meaningful in the distinction used. The word corroborate is used on page 77 of the board's opinion where it's describing the Moreau decision, so I don't think that, I think it's unfortunate, but I think it's semantical. What if in a case where there's no additional evidence, either corroborating or calling into question what the veteran is saying, and all you've got is a medical expert that says I've been doing this for 25 years, I examined her for six hours, and I believe everything she said. Would it be permissible or impermissible? What would the board have to do with that? Well, the first question would be does the board find the claimants credible, and I think if the board finds the claimant, as they did in this case, not to be credible. What about they say, and yeah, we've listened to her for two hours, and we just don't believe her. We're fact finders. We made that determination. Could the board say, and even though this medical psychiatrist says he believed her, that's just not sufficient? The board would have to weigh the evidence, Your Honor, and I think that the board would then have to go to section F and say is this credible supporting evidence, and if the board concludes that the only evidence is what the medical examiner is relying upon is what the claimant said, and we find that evidence not to be credible, which is the case here, then I think you would have to weigh the evidence, but have to say in its view, upon weighing the evidence, that's not credible supporting evidence. But they couldn't throw it out and say we don't care. They're not experts at determining credibility. We are, so we're not even going to consider what they have to say. They have to consider it. That's right. Well, that's the problem with that sentence, because the sentence, don't you think, could be fairly read as saying that they just didn't consider it. I think if it's read... Dismissing it as they don't, I mean, when we say here in our opinions, he didn't have any expertise. That means we're not going to consider what he said. It's not that we're going to put it in the mix, and that's why I think we're struggling with that sentence. The sentence has to be read in the context of the entire board opinion. If you look at the board opinion on page 77, the board says, in making this determination, the board, this is in the very top of the page there, in making this determination, the board has considered the court's language in Patent v. West and YR v. Bound regarding the probative value of medical nexus statements and PTSD claims. I'm sorry, where are you? I'm looking at page... There's an indication there that the board is weighing this medical evidence. If you look at the first full sentence on the top of page 78, the board says, the board recognizes that duty, referring to the duty of weighing evidence, and has evaluated all evidence of record. Yeah, but the problem is, what the board seems to be saying is, maybe sometimes we'll consider what the medical examiner said, but not when what the medical examiner said is based on the veteran's current statements. Your Honor, I would agree with you that if that's what the board did, that would not be consistent with the regulation which says you have to consider it. I don't think, looking at the board's decision as a whole, that that's what they did. I think the board said, we do have to consider and weigh the evidence that's of the medical examiner. However, in this case, we're not going to give it weight because it's based upon nothing other than what Ms. Menegosi said. There was nothing to corroborate. There were no... This is a statement that was made 17 years after the fact. There was no current events. There was nothing else. Also, if you look on page 78, unlike the veteran's report, which made this error, the board quoted the regulation and said, indeed, 38 CFR section 3.304F states in the context of PTSD claims based on personal assault that VA may submit any evidence it receives to an appropriate mental health professional for an opinion as to whether such evidence indicates that a personal assault occurred. So clearly, it knew it had to consider. It just felt, in this case, which is the language that the board uses on page 79, in this case, it deserved no weight. In the next paragraph on page 79, it says here. So I think it's a unique case where there's no... Well, why isn't it more logical to assume that the board is following the Court of Appeals for Veterans Claims law reflected in Cohen versus Brown, which the Court of Appeals quoted in its opinion, which says you cannot consider it. Because, Your Honor, first of all, the board did not cite Cohen. What the board did is cite the Moreau case on page 77 of its opinion, which is very similar, and said that that's the general rule in Moreau that you don't do it. And then went on to list several cases which said that's not the general rule, that you have to look at all the evidence. The board then went on to say, in those two occasions that I read, that the board did consider the evidence and found that, in this case, it had no value. What did the board mean on 78 when it said, in this case, mental health professionals, including the 2007 letter, had no such evidence before them to interpret? There's no evidence to submit to them for interpretation. What it's referring to, Your Honor, is the same type of evidence that I was referring to earlier that's referred to in section 3.304 F5 of the reg. And that is the type of contemporaneous evidence. The evidence that the claimant asked to transfer her position. The evidence that she went to the clinic and was depressed. The evidence that people noticed a contemporaneous change in her behavior. That's the type of evidence that the regulation envisions that the board will refer the case to a mental health professional to say, is this significant? Is this the type of information that suggests contemporaneous evidence that this personal assault occurred? There was no such evidence. The sentence that Judge Rader read suggests that they don't think that the veteran's contemporaneous  nothing to contribute. Well, when the other evidence is absent. When the other evidence is absent in the case, there's no other evidence in this case that's referred to in the regulation. I can see that my time is out, so.  Thank you, Mr. Austin. Thank you, Your Honor. Mr. Parker. It seems to me, Your Honor, that the VA in this argument wants to disassociate itself from what the board actually said. And what the board actually said after agreeing that the examiner had found that Ms. Menengazi's PTSD was a result of a personal assault during service based on his belief as to her credibility. The next sentence says, the examiner or other mental health professionals believe the veteran is insufficient to find that his nexus verifies the occurrence of the in-service stressor in this case. And that's simply not what their regulation says. The regulation says is that it can. And they simply arbitrarily rejected it. They didn't use it as part of the mix. The other thing is, is that in the VA's regulation that the counsel for the government was focusing on, it says submit any evidence. We have to presume that this examiner had all of the evidence in the claims file for this examination. That's what the direction was by this same board in the previous remand to obtain a medical opinion under this regulation. They solicited it. They got it. And then they simply didn't apply the regulation correctly. Unless there's any other questions. Thank you very much, Your Honor. Thank you. Our last case today is.